699 So.2d 1124 (1997)
Terrell MORRISON
v.
Susan Jackson MORRISON.
No. 97 CA 0295.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
*1125 Cynthia N. Reed, Baton Rouge, for Plaintiff-Appellant.
Darrell J. Saltamachia, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
This is an appeal of a custody determination made under the Post-Separation Family Violence Relief Act (PSFVRA), Louisiana Revised Statutes 9:361 through 9:369. Terrell Morrison (plaintiff) sued his wife, Susan Jackson Morrison (defendant), for divorce under Louisiana Civil Code article 102, based on their living separate and apart. He sought joint custody of their two-year-old son, Terrell Dillon Morrison (Dillon). Defendant reconvened for an article 102 divorce and sole custody of Dillon. She alleged plaintiff was guilty of violating the provisions of the PSFVRA.
After trial, a judgment of divorce was granted in plaintiff's favor. In brief written reasons, the trial court found this case came within the purview of the PSFVRA. The court further stated: "The Court believes [defendant] is the parent less likely to continue to perpetuate family violence. Therefore, pursuant to La. R.S. 9:364(B) she is awarded sole custody." The court ordered both parents to "follow the mandates of La. R.S. 9:361 et seq., concerning custody and visitation and are to agree upon a supervised visitation plan on or before October 1, 1996. If the parties can not agree, the Court upon notice will formulate the same."
Plaintiff appeals, contending the trial court erred in awarding sole custody of Dillon to defendant. He argues that if this case falls under the provisions of the PSFVRA, the trial court should have awarded sole custody to him. In the alternative, he contends the court should have awarded joint custody. Finally, he argues that if the award of sole custody to defendant was proper, his visitation should not be supervised.
The PSFVRA was enacted in 1992 to address the problem of domestic violence. It applies only if there is a history of family violence. Family violence is defined in Louisiana Revised Statute 9:362(3) as including "physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injuring and defamation, committed by one parent against the other parent or against any of the children." It excludes "reasonable acts of self-defense utilized by one parent to protect himself or herself or a child in the family from the family violence of the other parent." The court may find a history of perpetrating family violence if it finds one incident of family violence has resulted in serious bodily injury or if it finds more than one incident of family violence.[1]
If the court finds both parents have a history of family violence, Revised Statute 9:364(B) directs the court to award sole custody to the parent who is "less likely to continue to perpetrate family violence" or, if necessary to protect the child's welfare, to a suitable third person. If custody is awarded to a parent with a history of family violence, the court is required to order completion of a treatment program by the custodial parent.[2]
Revised Statute 9:364(C) requires that visitation by a non-custodial parent with a history of family violence be supervised, and even *1126 supervised visitation is conditioned on the violent parent's participation in and completion of a treatment program. Unsupervised visitation is permitted only after the violent parent has completed a treatment program and can prove by a preponderance of the evidence that he or she is not abusing alcohol or psychoactive drugs and poses no danger to the child, and that such visitation is in the child's best interest.

DID THE TRIAL COURT ERR IN AWARDING SOLE CUSTODY TO DEFENDANT?
Plaintiff contends the trial court erred in awarding sole custody to defendant. He complains the trial court failed to measure the amount and extent of domestic violence committed by both parties and further failed to make detailed findings on the domestic violence issues. He argues if the court had done so, it would have found that defendant was the "true perpetrator" of the violence between them and that she inflicted more domestic violence than he.
Any intentional use of force or violence upon the person of one's spouse or child, whether the physical contact is injurious or merely offensive, constitutes family violence under Revised Statute 9:362(3).[3] The second circuit explained that in determining whether there is a history of perpetrating family violence, the court should consider
the entire chronicle of the family, remaining mindful that the paramount goal of the legislation is the children's best interest. Such factors as the number, frequency, and severity of incidents will be relevant, as well as whether the violence occurred in the presence of the children, and to what extent there existed provocation for any violent act. Stated differently, the determination must be based on a review of the total circumstances of the family, and necessarily involves a weighing of the evidence.[4]
The trial court's written reasons are scant, but we can infer the court found both parties had a history of perpetuating family violence. While detailed findings would be helpful, they are not statutorily required. We must assume the trial court examined the totality of the circumstances and weighed the evidence in making its factual findings.
We are required to give great deference to factual conclusions of the trial court that are based on reasonable evaluations of credibility and inferences of fact. Factual findings should not be reversed on appeal absent manifest error.[5] The standard of appellate review of factual findings is a two-part test: 1) the appellate court must find from the record there is a reasonable factual basis for the finding of the trial court, and 2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous).[6] If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse.[7] Consequently, when there are two permissible views of the evidence, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong.[8]
Our review of the record shows this case was one based almost entirely on credibility determinations. Plaintiff and defendant each presented evidence of the other's violent propensities and history of family violence. For example, plaintiff testified defendant bit him on the face. He introduced a photograph showing a human-bite mark on his cheek. He testified defendant attacked him with a kitchen knife, and when he tried to take the knife away from her, she struck him in the face with a candle holder. He introduced a photograph of his bruised face. He testified that on another occasion, defendant attacked *1127 him and bit his arm when he tried to push her away. He also introduced a hospital record showing he was treated for a scalp laceration after she struck him with the heel of a shoe.
Defendant testified plaintiff threw a threeliter bottle of soda at her while she was feeding Dillon. On another occasion, he came home between 1:00 and 2:00 a.m. after an evening of drinking and tried to strangle her when she refused to have sex with him. She called 911, and plaintiff was charged with assault and battery. Her sisters, Carolyn Jackson and Alice Faye Thompson, testified they saw scars and scrapes on defendant's back as a result of that altercation. Defendant testified that at various times plaintiff had hit her with a shoe, kicked her, hit her with a broom, and put a gun in her face while threatening to kill her.
Both plaintiff and defendant denied instigating any of the altercations. Each blamed the other and claimed any wounds inflicted on the other were defensive only. The trial court found that both parties had a history of perpetuating family violence but that defendant was less likely to perpetuate the violence. The court saw and heard the witnesses. It apparently believed the testimony about the violence they inflicted on one another, disbelieved both parties' disclaimers, but found plaintiff more culpable than defendant. The court was free to accept or reject any witness's testimony, in whole or in part.[9] The record contains a reasonable factual basis for the trial court's findings, and we find no manifest error in those findings.
Based on those findings, the court had no option but to award sole custody to defendant under Revised Statute 9:364(B), which provides: "If the court finds that both parents have a history of perpetrating family violence, custody shall be awarded solely to the parent who is less likely to continue to perpetrate family violence." (Emphasis added.) Thus, we find no legal or factual error in the court awarding sole custody to defendant. However, the court failed to order defendant to participate in and complete a treatment program as mandated by Revised Statute 9:364(B). We remand this matter and instruct the trial court to order the defendant to participate in and complete a treatment program as defined by Revised Statute 9:362(7). We further instruct the court to monitor defendant's participation in the program to ensure she completes it.

DID THE TRIAL COURT ERR IN ORDERING SUPERVISED VISITATION?
Plaintiff contends the trial court erred in ordering that his visitation be supervised. Revised Statute 9:364(C) mandates supervised visitation, conditioned on participation in and completion of a treatment program, if the court finds the non-custodial parent has a history of perpetuating family violence. The record is clear plaintiff was not participating in a treatment program as defined by Revised Statute 9:362(7) at the time the judgment was rendered, and thus he was not even eligible for supervised visitation. We remand this matter to the trial court and instruct the court to order plaintiff to complete a treatment program before his supervised visitation can begin.
Plaintiff contends supervised visitation is unnecessary because there is no evidence he is a danger to Dillon. We note the record does not indicate any of the parties' violence was directed toward Dillon. Both parents seemed to have a loving, caring relationship with their son, but their anger and violence toward each other manifested itself in Dillon's presence. One reason behind the requirement of supervised visitation is to prevent the opportunity for further violence between the parties to occur in front of the child.
Of course, if plaintiff can show the court he now meets the requisites for unsupervised visitation, i.e., he has completed a treatment program, he is not abusing alcohol or psychoactive drugs, he poses no danger to Dillon, and unsupervised visitation is in Dillon's best interest, he may petition the court for modification of the custody order.

*1128 CONCLUSION
For the foregoing reasons, this case is remanded to the trial court with the following instructions: (1) the court shall order defendant to participate in and complete a treatment program as defined by Revised Statute 9:362(7); (2) the court shall monitor defendant's progress to ensure she completes the treatment program; and (3) the court shall order plaintiff to complete a treatment program as defined by Revised Statute 9:362(7) before his supervised visitation may begin. Defendant shall have provisional custody of Dillon during the pendency of this remand. After the requirements of Revised Statute 9:361, et seq. are complied with, the trial court shall issue its final custody order. Costs are to be evenly divided between the parties.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] La. R.S. 9:364(A).
[2] Revised Statute 9:362(7) defines treatment program as "a course of evaluation and psychotherapy designed specifically for perpetrators of family violence, and conducted by licensed mental health professionals."
[3] Michelli v. Michelli, 93-2128, p. 10 (La.App. 1st Cir. 5/5/95), 655 So.2d 1342, 1349.
[4] Simmons v. Simmons, 26,414, pp. 3-4 (La. App.2d Cir. 1/25/95), 649 So.2d 799, 802.
[5] Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989); Simmons, 26,414, p. 4, 649 So.2d at 802.
[6] Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
[7] Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
[8] Housley v. Cerise, 579 So.2d 973, 976 (La. 1991); Sistler, 558 So.2d at 1112.
[9] Davis v. Sonnier, 96-515, p. 16 (La.App. 3d Cir. 11/6/96), 682 So.2d 910, 918-919.